IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SALLY FISHER,**

    **Plaintiff,**

    v.

**CITY OF COLUMBUS**, *et al.,*

    **Defendants.**

Case No. 2:24-cv-150

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Stay Discovery (ECF No. 18) filed by Defendant Marc Fishel ("Fishel"), Plaintiff Sally Fisher's ("Fisher") Response (ECF No. 22), and Fishel's Reply (ECF No. 25).  For the following reasons, the Motion to Stay Discovery is **GRANTED, in part and DENIED, in part.**  (ECF No. 18.)  Discovery on Plaintiff's claims under 42 U.S.C. § 1983 subject to Mr. Fishel's claim of qualified immunity is **TEMPORARILY STAYED** pending resolution of his motion to dismiss filed May 6, 2024, ECF No. 17.

I.

Briefly, Plaintiff filed this action on January 12, 2024, asserting claims under Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and Ohio Revised Code Chapter 4112 and Ohio common law, for Defendants' allegedly unlawful discriminatory and retaliatory actions against Plaintiff based on race and gender.  (Complaint, ECF No. 1.)   Plaintiff also asserts that Defendants defamed Plaintiff and violated her due process rights by publishing false and defamatory information.  (*Id.*)  More specifically, Plaintiff alleges that she was discriminated and retaliated against for reporting the

1

alleged misconduct of another officer, Lt. Melissa McFadden. (*Id.* at ¶¶ 42, 45.) According to the Complaint, Plaintiff reported Lt. McFadden because Plaintiff believed that Lt. McFadden was participating in "hate groups" in violation of a City policy forbidding government employees from involvement with defined "hate groups." (*Id.* at ¶ 42.)

As more directly relevant to Mr. Fishel, Plaintiff alleges that, after Lt. McFadden filed a complaint, the City of Columbus contracted with Mr. Fishel to perform an independent administrative investigation. (*Id.* at ¶¶ 8, 52.) Lt. McFadden did not name Plaintiff as a defendant, but Mr. Fishel interviewed Plaintiff as part of his investigation. (*Id.* at ¶¶ 52, 53.) Mr. Fishel learned of Plaintiff's involvement through that interview and Plaintiff then was included in the investigation. (*Id.* at ¶ 54.) In his investigatory report, Mr. Fishel noted Plaintiff's conduct evidencing retaliation against Lt. McFadden for Lt. McFadden's involvement with Black Lives Matter groups and reported his findings directly to the Columbus Police Department. (*Id.* at ¶¶ 57, 58.)

Plaintiff further alleges that, following Mr. Fishel's report, the Internal Affairs Commander informed her that she was being removed from her position for "punitive" reasons. (*Id.* at ¶ 65). Plaintiff submitted her letter of retirement on October 6, 2021. (*Id.* at ¶ 67). Two days later, the Assistant Chief contacted Plaintiff and advised that he had identified flaws associated with Mr. Fishel's investigation. (*Id.* at ¶ 72.) Plaintiff was issued a designation of retirement in "bad standing" on her date of retirement, October 6, 2021. (*Id.* at ¶ 74). Plaintiff ultimately was issued a designation of "good standing," but this designation was accompanied by a statement that Plaintiff "was previously retired in Bad Standing and needs to be updated to Good Standing as per a settlement agreement with the City of Columbus to correct this." (*Id.* at ¶ 96.) Plaintiff asserts the following claims against Mr. Fishel in both his individual and official

2

capacities arising from his investigation and written report: Deprivation of Rights under 42 U.S.C. § 1983; Deprivation of Rights – Defamation under 42 U.S.C. § 1983; Deprivation of Rights under R.C. 4112.02(J); Conspiracy to Violate Civil Rights in violation of 42 U.S.C. § 1985(1); Neglect to Prevent Conspiracy to Violate Civil Rights in violation of 42 U.S.C. § 1986; Neglect to Prevent Conspiracy to Violate Civil Rights – Defamation in violation of 42 U.S.C. § 1986; Defamation; and False Light.

On May 6, 2024, Mr. Fishel, noting his status as a private attorney retained by the City of Columbus to perform an investigation, filed a Motion to Dismiss Plaintiff's Complaint raising various bases for dismissal of Plaintiff's claims against him, including:

> 1. Plaintiff's 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, R.C. § 4112.02, defamation, and false light claims are all barred by their respective statute of limitations;
>
> 2. Plaintiff cannot maintain a viable claim under 42 U.S.C. § 1983 because Mr. Fishel is protected under the doctrine of qualified immunity;
>
> 3. Plaintiff cannot maintain a viable claim under 42 U.S.C. § 1985 because (1) Mr. Fishel cannot be held liable for any conspiracy arising out of his representation of his client, the City; and (2) Section 1985(2) is inapplicable to the facts of this case;
>
> 4. Plaintiff cannot maintain a viable claim under 42 U.S.C. § 1986 because (1) she cannot maintain a viable Section 1985 claim; and (2) Mr. Fishel had no authority to prevent any violations of her Section 1985 rights; and
>
> 5. Plaintiff cannot maintain a viable claim for defamation or false light because Mr. Fishel has qualified and absolute privileges against liability.

(ECF No. 17 at 2.)

In moving to stay discovery, Mr. Fishel asserts that a stay is necessary because his motion to dismiss is addressed to threshold issues of statute of limitations and immunity. According to Mr. Fishel, discovery is not required to defend against these issues raised in his motion to dismiss. Mr. Fishel also contends that Plaintiff will not be prejudiced by any delay in

3

discovery. Finally, Mr. Fishel argues that discovery should be stayed in accordance with the Court's previous ruling in *Tate v. City of Columbus*, Case No. 2:24-cv-492, ECF No. 43.

In response, Plaintiff argues that courts typically find pending dispositive motions to be an insufficient basis for staying discovery and this case presents no circumstances for exception. As for Mr. Fishel's reliance on *Tate*, Plaintiff notes that, in that case, the motion to stay was unopposed.

In reply, Mr. Fishel argues that a stay is necessary to prevent unnecessary expense and burden. Further, he characterizes the Court's ruling in *Tate* as a determination "that the defendant's arguments raised in its motion for judgment on the pleadings were sufficient to grant a stay of discovery." (ECF No. 25 at 2.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of

4

showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Initially, Mr. Fishel's motion to dismiss, as it is directed to Plaintiff's claims under 42 U.S.C. § 1983, will require resolution of a qualified immunity issue. "[Q]ualified immunity

5

represents not just a defense against a damages award but also an *immunity from suit*[.]" *Chaney-Snell v. Young*, 98 F.4th 699, 708 (6th Cir. 2024) (citation and quotation marks omitted). That is, qualified immunity protects government officials from "unnecessary and burdensome discovery or trial proceedings …." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citation and quotation marks omitted). Thus, when a defendant "files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided." *Id.* (citation and quotation marks omitted). Accordingly, discovery should be stayed as to any § 1983 claims against Mr. Fishel subject to his assertion of qualified immunity.

The fact that Mr. Fishel has raised a qualified immunity defense, however, does not require a stay of discovery as to all of Plaintiff's claims. That is, qualified immunity "is a right to immunity *from certain claims*, not from litigation in general." *In re Flint Water Cases*, 960 F.3d at 826 (citation omitted). When a defendant "is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity." *Id.* (*quoting Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007)); *see also Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense.") Notably here, Plaintiff's claims for defamation or false light do not implicate immunity issues for purposes of discovery. Although Mr. Fishel asserts qualified or absolute privilege with respect to these claims, as he recognizes, these doctrines are considered to be defenses to liability as opposed to an immunity from suit. *Foley v. Univ. of Dayton*, No. 3:15-CV-96, 2015 WL 8278474, at *3 (S.D. Ohio Dec. 7, 2015), *certified question accepted*, 2016-Ohio-652, 144 Ohio St. 3d 1503, 45 N.E.3d 1048 ("absolute and qualified

6

privilege … are common defenses to claims of defamation"); *see also Hartman v. Kerch*, 217 N.E.3d 881, 904 (8th Dist. 2023); *Tharp v. Hillcrest Baptist Church of Columbus*, 204 N.E.3d 709, 724 (10th Dist. 2022) (qualified privilege is a defense for defamation or false light claims).

Mr. Fishel's motion to dismiss also involves a second threshold issue – the statute of limitations. This, however, again does not necessarily weigh in favor of granting a complete stay of discovery under the circumstances here. Even assuming that the statute of limitations may be the type of narrow legal issue which warrants a stay of discovery pending resolution of a dispositive motion, here, the statute of limitations inquiry does not appear to be a straightforward analysis. In similar situations, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of the Defendants' dispositive motions, a brief overview of the parties' briefing demonstrates that is the situation here.

Further, Mr. Fishel has not demonstrated that discovery will result in undue burden or expense in this case. His argument, directed to anticipated discovery, relies largely on speculation unaccompanied by any evidentiary showing.

Additionally, Mr. Fishel does not demonstrate that a stay of discovery will be of no consequence to Plaintiff. To be sure, he cites the early stage of this case. However, even assuming this circumstance, when balanced against the above, it does not support the Court's exercise of discretion in favor of a stay here.

Finally, despite Mr. Fishel's reliance on *Tate,* that case has no bearing here. As Plaintiff notes, the motion to stay was granted as unopposed. Mr. Fishel overreads the ruling to the extent

7

he argues otherwise. Parties routinely agree to stays of discovery without court intervention and that was the effective case posture in the absence of any opposition to the motion.

In sum, neither the raising of a qualified immunity defense nor the existence of a Rule 12(b)(6) motion to dismiss Plaintiff's other claims is sufficient grounds to stay discovery as to all of Plaintiff's claims. Accordingly, Mr. Fishel has established only that discovery should be stayed as to Plaintiff's § 1983 claims subject to a qualified immunity defense.

## IV.

For the foregoing reasons, the Motion to Stay Discovery is **GRANTED, in part and DENIED, in part.** (ECF No. 18.) Discovery on Plaintiff's claims under 42 U.S.C. § 1983 subject to Mr. Fishel's claim of qualified immunity is **TEMPORARILY STAYED** pending resolution of his motion to dismiss filed May 6, 2024, ECF No. 17. All other discovery may proceed.

**IT IS SO ORDERED.**


Date: September 10, 2024                  /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE