**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SALLY FISHER,** | : | |
| | : | **Case No. 2:24-cv-00150** |
| **Plaintiff,** | : | |
| | : | **Judge Edmund A. Sargus, Jr.** |
| **vs.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **CITY OF COLUMBUS ET AL.,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF**
**DEFENDANTS CITY OF COLUMBUS, ANDREW GINTHER, NED PETTUS, JR.**
**ROBERT CLARK, DOUGLAS SARFF, COURTNEY MCHENRY, ELAINE BRYANT,**
**LASHANNA POTTS, AND KATHLEEN BOURKE**

All remaining Defendants, City of Columbus, Andrew Ginther, Ned Pettus, Jr., Robert

Clark, Douglas Sarff, Courtney McHenry, Elaine Bryant, LaShanna Potts, and Kathleen Bourke,

("moving Defendants") pursuant to Fed. Civ. R. 12(c), move this Honorable Court for an Order

dismissing the claims brought against them by Plaintiff.  Even accepting all factual allegations in

Plaintiff's Complaint as true, the claims against the moving Defendants fail as a matter of law.

As such. Plaintiff fails to state a claim upon which relief can be granted, and judgment in favor

of Defendants is required as a matter of law. A memorandum is attached and incorporated

herein.

Respectfully submitted,

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543) Trial Attorney
Assistant City Attorney
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street
Columbus, Ohio 43215
(614) 645-7461

(614) 645-6949 (Fax)
pmbernhart@columbus.gov

*Attorneys for Defendants City of Columbus, Andrew Ginther, Ned Pettus, Jr., Robert Clark, Douglas Sarff, Courtney McHenry, Elaine Bryant, LaShanna Potts, and Kathleen Bourke*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

Plaintiff brought suit against multiple defendants based on the designation of retirement in "bad standing" she received from the Columbus Division of Police ("CPD") after an investigation revealed her involvement in actions which amounted to officer misconduct. The investigation was performed by outside counsel, Marc Fishel, at the request of the City of Columbus ("City") and CPD. The investigation was concluded in September 2021. Facing potential discipline out of the investigation, Plaintiff submitted a letter of retirement on September 22, 2021, effective October 6, 2021. (Compl., at ¶ 67.) Due to the open investigation, Plaintiff received a designation of retirement in bad standing from CPD. (*Id*. at ¶ 74.)  On August 22, 2023 Plaintiff filed a charge with both the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC") alleging the City discriminated against her by designating her retirement in "bad standing". (*Id*. at ¶ 17.) Plaintiff received a Right to Sue Letter from the EEOC on October 16, 2023. She then filed this action on January 12, 2024.

Plaintiff asserts claims against the moving Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, Ohio Revised Code Chapter 4112 and Ohio common law.  Each of Plaintiff's claims against the moving Defendants fail as a matter of law because they are all time-barred by their respective statute of limitations. Accordingly, all claims against the moving Defendants should be dismissed.

## II.    FACTUAL BACKGROUND

Plaintiff brought this suit based on alleged discriminatory and retaliatory actions taken against her during her employment with and retirement from CPD. (Compl. at ¶ 1.) Plaintiff claims she was discriminated and retaliated against for reporting alleged misconduct of another officer, Lt. Melissa McFadden[1]. (*Id*.). Plaintiff informed her supervisor, Internal Affairs Commander Mark Gardner, that she believed Lt. McFadden was participating in "hate groups" in violation of City policy prohibiting City employees from involvement with defined "hate groups." (*Id*. at ¶ 42.)

The policy, enacted on July 27, 2020, required police officers to affirm they would "not affiliate with a defined hate group". (*Id*. at ¶ 30.) Soon after enactment of the policy, Plaintiff suspected Lt. McFadden was violating the policy due to her support of the Black Lives Matter movement along with her involvement in several groups which allegedly posted violent and hateful messages online. (*Id*. at ¶¶ 33-40.) Plaintiff saw several posts from these groups online which she believed incited violence and violated the policy against associating with hate groups. (*Id*. at ¶¶ 38-41.) Plaintiff reported Lt. McFadden to her supervisor for associating with these groups. (*Id*. at ¶ 42.) Several other employees and personnel also reported the potential violation committed by Lt. McFadden. (*Id*. at ¶ 48.) On February 19, 2021, Lt. McFadden filed a complaint alleging retaliation against several of these personnel, but Plaintiff was not named. (*Id*. at ¶ 50.)

On or about April 21, 2021, the City contracted with outside counsel, Marc Fishel, to investigate the personnel who reported Lt. McFadden's alleged misconduct. (*Id*. at ¶ 52.) The City contracted with Mr. Fishel to conduct an independent administrative investigation. (*Id*. at ¶ 8.) While investigating the personnel named in the McFadden Complaint, Plaintiff was interviewed

---

[1] Melissa McFadden has since been promoted to Commander at CPD since the events giving rise to this lawsuit.

as a witness by Mr. Fishel. (*Id*. at ¶¶ 52-53.) During that interview, Mr. Fishel realized Plaintiff's direct involvement in the matter and discovered that Plaintiff reported Lt. McFadden for alleged misconduct. (*Id*. at ¶ 53.) Given this new information, Plaintiff became a focus in the investigation. (*Id*. at ¶ 54.)

Mr. Fishel's investigation was concluded on or about September 15, 2021. (*Id*. at ¶ 12.) In his investigatory report, Mr. Fishel noted that Plaintiff engaged in conduct which evidenced retaliation against Lt. McFadden for her involvement with Black Lives Matters groups. (*Id*. at ¶ 58.) Mr. Fishel reported his findings directly to CPD and the City. (*Id*.) Plaintiff does not allege Mr. Fishel had any further involvement in the matter after finalizing his report.

Plaintiff alleges that after Mr. Fishel concluded his report, she was told by CPD that she was being removed from her position. (*Id*. at ¶ 65.) Facing potential discipline, Plaintiff submitted a letter of retirement on September 22, 2021, effective October 6, 2021. (*Id*. at ¶ 67.) Due to the open investigation, Plaintiff was issued a designation of retirement in "bad standing" on the date of her retirement, October 6, 2021. (*Id*. at ¶ 74.) On November 24, 2021, CPD issued a "Notice of Peace Officer Separation from Service" which included Plaintiff's "bad standing" retirement designation.

After she was issued a designation of retirement in "bad standing", the Fraternal Order of Police filed a grievance on Plaintiff's behalf which ultimately resulted in a settlement agreement in April 2023 in which the City agreed to change Plaintiff's designation of retirement to "good standing". (*Id*. at ¶¶ 91-94.) CPD submitted a revised "Notice of Peace Officer Separation" in April 2023 with the updated good standing designation, but Plaintiff alleges that CPD wrongfully included language that she had previously retired in bad standing and referenced the settlement. (*Id*. at 95-97.)

### III.    PROCEDURAL BACKGROUND

Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") on August 22, 2023 alleging she was discriminated against by the City in violation of Ohio law. (*Id*. at ¶ 17.) Plaintiff also filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 22, 2023 alleging Title VII violations against the City for discriminating against her by designating her retirement in "bad standing". (*Id*. at ¶ 17.) These two charges were consolidated and the EEOC retained jurisdiction over the investigation of both the state and federal discrimination charges. (*Id*.) Plaintiff received a Notice of Right to Sue Letter from the EEOC on October 16, 2023. (*Id*. at ¶ 18.)

Plaintiff filed this action on January 12, 2024, against numerous defendants, including Mr. Fishel and the moving Defendants. (*See* generally Complaint.)  On May 6, 2024, Defendant Fishel filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim from which relief may be granted. (Motion to Dismiss, ECF Doc. # 17.)  On December 11, 2024, the Court granted the Motion and dismissed all claims against Mr. Fishel.

Plaintiff alleges violations of Title VII and R.C. Chapter 4112 against the City for race and gender discrimination, hostile work environment, and retaliation (*Id*. at ¶¶ 105-152.) Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986, and Ohio Revised Code Chapter 4112, *et seq*. against all moving Defendants (*Id*. at ¶¶ 153-197.) Finally, Plaintiff brings defamation and false light claims against the individual moving Defendants. All of Plaintiff's allegations against the moving Defendants arise solely from the investigation and report issued by Mr. Fishel in September 2021 and the resulting "bad standing" retirement designation Plaintiff received on October 6, 2021. Each of Plaintiff's claims against the moving Defendants are time-barred by their respective statute of limitations and should be dismissed.

## IV. LAW AND ARGUMENT

### A. Motion for Judgment on the Pleadings standard.

The standard for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, movants must satisfy the pleading requirements set forth in Rule 8(a). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). "Although for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677-79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

In this case, even accepting all factual matters in Plaintiff's Complaint as true, Plaintiff's claims fail as a matter of law. As such, Plaintiff fails to state a claim upon which relief can be granted and the claims against the moving Defendants must be dismissed.

### B. Plaintiff's claims are time-barred by their respective statute of limitations.

It is well established that a complaint may be summarily dismissed if the allegations, "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215

6

(2007); *see also Castillo v. Grogan*, 52 Fed. App'x 750, 751 (6th Cir. 2002) (dismissal based on the statute of limitations is appropriate when the "defense is…obvious from the face of the complaint.").

Plaintiff's Complaint in this case presents claims which are all time-barred by their respective statute of limitations. As such, the complaint must be dismissed as a matter of law as more fully set forth below.

**1. Plaintiff's Title VII claims against the City fail because she did not file a charge of discrimination with the EEOC within 300-days**.

Under Title VII, a plaintiff must file a discrimination charge with the EEOC within either 180 or 300 days of the alleged unlawful employment practice. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (quoting *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999)). In Ohio, the longer 300-day period applies. *Id*.

The limitations period begins to run from the day that the alleged unlawful employment action is communicated to the plaintiff. *Id*. In this case, Plaintiff alleges that the unlawful employment discriminatory action occurred when she received a retirement designation of "bad standing". So, the limitations period began to run on Plaintiff's retirement date: October 6, 2021. Plaintiff did not file her EEOC charge until August 22, 2023. Since Plaintiff did not file her EEOC charge until after the limitations period had passed, her Title VII claims are time-barred.

Plaintiff cannot invoke the continuing violations doctrine to extend the statute of limitations for filing her charge of discrimination with the EEOC. That doctrine allows the statute of limitations to be tolled when the defendant's actions constitute continuing violations. *See Brown v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009). But "[a] continuing violations is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Edison v. State of Tenn. Dep't of Child.'s Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (internal quotation omitted) *see*

also *Kovacic v. Cuyahoga Cnty. Dept. of Child & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010) (finding plaintiff's injuries were "continued ill effects" stemming from the "initial removal of her children from her custody"); *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988) (finding a "claim of wrongful continued incarceration" was an effect of a false arrest and not a continuing violation that tolled the statute of limitations); *Tackett v. Marion Cnty. Fair Bd*. 272 F. Supp 2d 686, 691 (N.D. Ohio 2003) ("In this case, plaintiff's citation for trespass was an ill effect of his 1994 ban [from the fairgrounds], not a continuing violation.

The 300-day statute of limitations began to run on October 6, 2021, not in April 2023 when the City and Fraternal Order of Police settled the grievance in which the City agreed to change Plaintiff's retirement designation to "good standing" and issued a revised Notice of Peace Officer Separation. This Court has already determined that the subsequent Notices of Separation were continued ill effects from the report issued by Mr. Fishel and Plaintiff's original designation of retirement in bad standing. (Opinion and Order, ECF Doc. # 29 at pg. 9.) "Without the initial report or retirement designation, there would be no allegedly false information to include in the later Notices of Separation." (*Id.*) Accordingly, the continuing violations doctrine does not apply. Plaintiff's Title VII claims accrued no later than October 6, 2021. Since she filed her charge of discrimination with the EEOC on August 22, 2023, outside the 300-day limitations period, Plaintiff's Title VII claims are time-barred and should be dismissed.

**2. Plaintiff's 42 U.S.C. § 1983, § 1985, and § 1986 claims are barred by the statute of limitations because Plaintiff knew of her potential injury no later than October 6, 2021.**

Under 42 U.S.C. § 1983 and § 1985, the statute of limitations to bring a claim in Ohio is two years from when the plaintiff knows or should know of the injury that is the basis of the action. *Hill v. Hooper*, 2016 U.S. App. LEXIS 25116, 2 (6th Cir. 2016). Under 42 U.S.C. § 1986, the

statute of limitations to bring a claim in Ohio is one year from when the plaintiff knows or should know of the injury giving rise to her cause of action. *Id.*

Plaintiff brings § 1983 claims against the moving Defendants for unlawfully discriminating against her in violation of her rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment (Compl. at ¶¶ 156, 169.) Plaintiff's claims are time barred by the two-year statute of limitations and warrant dismissal.

In a Section 1983 action, the injury is the constitutional wrong that a plaintiff alleges. *Mattox v. United States*, 2019 U.S. Dist. LEXIS 156943, 10 (6th Cir. 2019). "In determining when the cause of action accrues in § 1983 cases, courts look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Brown v. George*, 2023 U.S. Dist. LEXIS 33191 (6th Cir. 2023) "Subsequent resulting and related deprivations of rights are not continuing § 1983 violations from which the period of limitations runs anew." *Tackettt v. Marion County Fair Board*, 272 F. Supp. 2d 686, 690 (N.D. Ohio 2003). Generally, "the limitations period accrues at the time of the original act with limited exceptions which do not apply here." This standard for determining when the statute of limitations begins to run also applies to claims brough under Sections 1985 and 1986. *Taylor v. Bringman*, 2023 U.S. Dist. LEXIS 45263, 12-13 (6th Cir. 2023).

Plaintiff claims the moving Defendants violated her rights under § 1983, § 1985, and § 1986 by investigating her involvement with an inappropriate investigation in retaliation against Lt. McFadden. (Compl. at ¶¶ 159-161, ¶ 171, ¶¶ 181-183.) Plaintiff was aware of the investigation and report authored my Mr. Fishel immediately after it concluded. (*Id.* at ¶ 65.) Plaintiff even admits in her Complaint that, "on or about September 15, 2021, Defendant Fishel concludes his

investigation and forwards the completed investigation to the Division of Police." (*Id*. at ¶ 57.) On October 6, 2021, after the investigation was completed, Plaintiff was notified by CPD that she was receiving a designation of retirement in bad standing. (*Id*. at ¶ 74.)

As this Court has already determined, on the face of the Complaint, the injuries that support Plaintiff's equal protection and due process claims accrued when Mr. Fishel's investigation concluded and CPD notified Plaintiff that her retirement was in bad standing. (Opinion and Order, ECF Doc. # 29 at pg. 6.) Plaintiff knew or should have known that she allegedly was "selectively investigated and treated less favorably because of her race and gender (Compl. at ¶¶ 157-158.) when she learned of the conclusions in Mr. Fishel's report. (Doc. # 29 at pg. 6.)  Plaintiff's Complaint alleges that Mr. Fishel completed his investigation and sent his report to CPD on September 15, 2021. (*Id.* at ¶ 57.) The next day, on September 16, 2021, CPD removed Plaintiff from her position and advised that the reasons for her removal were "punitive" and stemmed from the findings in Mr. Fishel's report. (*Id.* at ¶¶ 65, 67.)  Acknowledging that her position was in jeopardy, Plaintiff chose to submit her letter of retirement on September 22, 2021, effective October 6, 2021. (*Id.* at ¶ 67.)  At the very least, Plaintiff knew of her injury on October 6, 2021, when she received notice that CPD designated her retirement in bad standing. (*Id*. at ¶¶ 69, 74.) Given these facts, the latest Plaintiff could have brought suit under § 1983 and § 1985 would have been in October 2023.  The very latest date for which Plaintiff could have brought her § 1986 claim would have been in October 2022. But Plaintiff waited until January 12, 2024 to file her claims against the moving Defendants, outside the two-year limitations period.

Furthermore, this Court has already determined that Plaintiff is not entitled to equitable tolling and she has not plausibly pled a continuing violation. (Opinion and Order, ECF Doc. # 29, pgs. 7-8). As such, those arguments are barred by the law-of-the-case doctrine. The law-of-the-

case doctrine "provides that the courts should not reconsider a matter once resolved in a continuing proceeding." *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) (internal quotation marks omitted). Thus, like the doctrines of claim and issue preclusion, law-of-the-case is designed to "prevent[] the re-litigation of an issue once there has been a judgment on the merits." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) (citing 18 Moore's Federal Practice § 134.20 (Matthew Bender 3d ed.)); see also *Howe*, 801 F.3d at 740 (observing that law-of-the-case doctrine "is a prudential practice" intended "to encourage efficient litigation and deter indefatigable diehards" (internal quotation marks omitted)).

Unlike claim or issue preclusion, however, the law-of-the-case doctrine is not used to prevent re-litigation of the same issues across different cases; rather, "[t]he purpose of the law-of-the-case doctrine is to ensure that the same issue presented a second time in the same case in the same court should lead to the same result." *Howe*, 801 F.3d at 739 (emphases in original) (internal quotation marks omitted); see also *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983) ("the [law-of-the-case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); 18B Charles Alan Wright et al., *Federal Practice & Procedure: Jurisdiction & Related Matters* § 4478 (4th ed. 2015) ("Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. They do not apply between separate actions." (footnotes omitted)); Joan Steinman, *Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation* ("Law of the Case"), 135 U. Pa. L. Rev. 595, 597-98 (1987) (describing law-of-the-case doctrine as "a concept that precludes the re-litigation of issues within the context of a single case once they have been decided").

In granting Defendant Fishel's Motion to Dismiss, this Court determined Plaintiff is not entitled to equitable tolling and that Plaintiff has not pled a continuing violation. As such, those arguments are barred here. The statute of limitations on Plaintiff's 42 U.S.C. §1983, § 1985, and § 1986 was two years, and one year, respectively. Plaintiff filed suit more than two years after the alleged adverse employment action and as such, her claims are time-barred.

Because Plaintiff's claims under 42 U.S.C. § 1983, §1985, and § 1986 were brought outside the two-year statute of limitations, they are time-barred and should be dismissed.

> **3. Plaintiff's R.C. Chapter 4112 claims are barred because (1) she failed to timely exhaust her administrative remedy to pursue a R.C. § 4112.02(J) claim against any individual defendant; and (2) she failed to timely bring this civil action before the statute of limitations expired on her R.C. § 4112.02 discrimination claims.**

Plaintiff asserts claims under R.C. Chapter 4112 against the City for discrimination, hostile work environment, and retaliation. (*See* Compl. at Counts I-IV) These claims mirror Plaintiff's Title VII claims. Plaintiff asserts a separate claim under R.C. § 4112.02(J) against the individual moving Defendants for allegedly aiding and abetting in unlawful discrimination against Plaintiff. (*See* Compl. at County VI). Plaintiff's R.C. § 4112.02(J) claim was not timely filed with the OCRC. And while the broader R.C. Chapter 4112.02 claims may have been timely filed against the City with the Ohio Civil Rights Commission, Plaintiff did not timely bring this civil action before the statute of limitations ran on her 4112 discrimination claims ran. Accordingly, each of Plaintiff's claims brought under R.C. Chapter 4112 should be dismissed.

> **i. Procedure for bringing claims under Chapter 4112.**

Under R.C. § 4112.02, the statute of limitations to bring a claim is two (2) years from the date of accrual of the cause of action. *Hostacky v. Ohio Department of Rehabilitation & Corrections*, 2021-Ohio-4464, 7-9 (10th Dist. 2021); R.C. § 2743.16(A). This has been interpreted

to be the date when the plaintiff is informed of the alleged discriminatory conduct or action. *Stevens v. Ohio Department of Mental Health*, 2012-Ohio-6354 (Ct. of Claims 2012) ("For discrimination claims under R.C. 4112, the statute of limitations begins to run when the plaintiff is "unequivocally informed" of the alleged adverse action underlying the complaint.")

On April 15, 2021, Ohio enacted the Employment Law Uniformity Act (ELUA) which amended R.C. Chapter 4112 to codify a two-year statute of limitations to file a civil action for employment discrimination filed after the date of enactment. *Burch v. Ohio Farmers Insurance Company*, 2023-Ohio-912, 29) (5th Dist. 2023); R.C. § 4112.052(C)(1). The ELUA requires plaintiffs first file any Chapter 4112 claim with the Ohio Civil Rights Commission ("OCRC") before bringing suit in civil court. *Id.* at 31; *see* also R.C. § 4112.052(A-B). In addition, under Section 4112.052, a charge brought under § 4112.02(J) must be filed with the OCRC within six (6) months of the date of the alleged unlawful discriminatory practice. R.C. § 4112.052(B)(1).

Section 4112.052 also provides that the statute of limitations to bring a claim in civil court will be tolled if the plaintiff brings a charge with the OCRC within sixty days of the date the statute of limitations will run. R.C. § 4112.052(C)(2)(a). The statute of limitations will be extended to sixty days after the date the charge is no longer pending with the OCRC. *Id.* The statute of limitations will be extended to sixty days after the date the charge is no longer pending with the OCRC (i.e., when a Notice of Right to Sue letter is issued). *Id*.

### ii. Plaintiff failed to timely exhaust her administrative remedy to pursue a claim under R.C. § 4112.02(J) against any individual defendant.

First, and most notably, the discrimination charge filed with the OCRC does not name any individual moving Defendant as a party, it only names the City. (*See* Compl., Ex. # 1-1.) Further, Plaintiff failed to file her charge with the OCRC within six (6) months after the initial alleged unlawful discriminatory practice making it untimely. *See* R.C. § 4112.052(B)(1). The date when

Plaintiff became aware of any alleged unlawful discriminatory practice taken against her was no later than October 6, 2021, when she was issued her retirement in "bad standing." (*See* Compl. at ¶¶ 57, 74.) Plaintiff did not file her claim with the OCRC until August 22, 2023, well over six months later. The very latest Plaintiff could have filed any charge against the individual moving Defendants would have been six months after October 6, 2021, which would be April 6, 2022. *See* R.C. § 4112.052(B)(1). Plaintiff did not file her charge with the OCRC until August 22, 2023. Therefore, Plaintiff has failed to timely exhaust her administrative remedy and is time-barred from bringing this civil action under R.C. 4112.02(J).

### iii. Plaintiff failed to timely file her R.C. 4112 civil action.

Plaintiff's R.C. Chapter 41112 claims are also barred because she did not file her claim in civil court within sixty (60) days after the EEOC issued the Notice of Right to Sue Letter. The statute of limitations on Plaintiff's claim began to run when she became aware of the alleged adverse action against her. *Stevens v. Ohio Department of Mental Health*, 2012-Ohio-6354, 11. As outlined above, Plaintiff was required to bring a civil action no later than October 6, 2023.

But, because Plaintiff filed her charge with the OCRC on August 22, 2023, within sixty days of the running of the statute of limitations, she would have received a tolling exception. (*See* Compl. at ¶ 17); see also R.C. 4112.052(C)(2)(a). Plaintiff received her Right to Sue letter from the EEOC on October 16, 2023, (*Id*. at ¶ 18) Thus, under the tolling exception, the latest date Plaintiff could have brought her civil suit would have been on December 16, 2023 (60 days after receiving her Notice of Right to Sue letter) *See* R.C. § 4112.052(C)(2)(a). however, Plaintiff did not file her Complaint until January 12, 2024. This is almost one (1) month past the latest date Plaintiff was required to bring her claim under the statute. Therefore, Plaintiff is barred from bringing any civil action against the moving Defendants under R.C. Chapter 4112.

In addition, the very latest Plaintiff could have brought a civil action under R.C. § 4112.02(J) would have been in December 2023. Therefore, Plaintiff's claims under R.C. 4112.02(J) are time barred by the statute of limitations, and must be dismissed as a matter of law.

> **4. Plaintiff's defamation and false light claims are barred by the statute of limitations**.

The statute of limitations to bring a defamation and false light claim is one year from the date of publication of the alleged defamatory statement to a third-party. *Singh v. ABA Publ. ABA*, 2023-Ohio-2314, 22 (10th Dist. 2023); *Stainbrook v. Ohio Secretary of State*, 2017-Ohio-1526, 27 (10th Dist. 2017) ("False light claims are subject to a one-year statute of limitations pursuant to R.C. § 2305.11(A)."); *see* also R.C. § 2305.11(A).

Here, the date of "publication" to a third-party would have been when Mr. Fishel reported his findings from his investigation to CPD on September 15, 2021. (*See* Compl. at ‖ 57) or when CPD issued the Notice of Peace Officer Separation in November 2021. Thus, the latest date Plaintiff could have brought a defamation and false light claim against the moving Defendants would have been September or November 2022. *Singh v. ABA Publ. ABA*, 2003-Ohio-2314, 22 (10th Dist. 2003); *Stainbrook v. Ohio Secretary of State*, 2017-Ohio-1526, 27 (10th Dist. 2017) Plaintiff filed this suit on January 12, 2024. Therefore, Plaintiff's claims are barred by the statute of limitations, and they must be dismissed as a matter of law.

## V. CONCLUSION

Based on the foregoing, Plaintiff's claims against the moving Defendants fail. Even accepting all facts in Plaintiff's Complaint as true, Plaintiff fails to state any claim against the moving Defendants for which relief may be granted. Therefore, dismissal of Plaintiff's claims against the moving Defendants is required under Fed. R. Civ. P. 12(C).

Respectfully submitted,

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543) Trial Attorney
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street
Columbus, Ohio 43215
(614) 645-7461
(614) 645-6949 (Fax)
pmbernhart@columbus.gov

*Attorneys for Defendants City of Columbus, Andrew
Ginther, Ned Pettus, Jr., Robert Clark, Douglas
Sarff, Courtney McHenry, Elaine Bryant, LaShanna
Potts, and Kathleen Bourke*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served

on all counsel of record through the Court's CM/ECF system this 26th day of August, 2025.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)