UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SALLY FISHER.**,

    **Plaintiff,**

v.

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

Case No. 2:24-cv-150
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Sally Fisher's Motion to Enforce Settlement Agreement. (ECF No. 33.) Defendant Marc Fishel filed a response in opposition to that Motion. (ECF No. 36.) Ms. Fisher replied. (ECF No. 37.) For the reasons stated in this Opinion and Order, Ms. Fisher's Motion (ECF No. 33) is **DENIED**.

**BACKGROUND**

In September 2021, Ms. Fisher was removed from her position as a sergeant with the Columbus Division of Police. (ECF No. 1, ¶¶ 21, 24, 65–67.) Her departure was the result of an investigation into whether several white police officers, including Ms. Fisher, retaliated against a Black officer because of the officer's race. (*See id.*)[1]

Defendant Marc Fishel was hired to investigate the alleged racial retaliation. (*Id.* ¶¶ 6, 52.) At the conclusion of his investigation, he issued a report that found Ms. Fisher retaliated against the Black officer. (*Id.* ¶¶ 57–58.) As a result, Ms. Fisher alleges she was informed she would be removed from her position as punishment. (*Id.* ¶¶ 65–66.) Concerned that she would be removed from her role as a sergeant and placed on a uniform patrol assignment, Ms. Fisher chose to retire.

---

[1] For a more complete recitation of the facts, see the Court's Opinion and Order on Defendant Marc Fishel's Motion to Dismiss. (ECF No. 29, PageID 200–03.)

1

(*Id.* ¶ 67.) Soon after, the media obtained a copy of Mr. Fishel's report and published it. (*Id.* ¶¶ 65–66.) Because of the investigation and report, she alleges she received a retirement designation of in bad standing. (*Id.* ¶ 74.) She eventually settled a grievance with the City of Columbus which resulted in a change to her retirement designation to in good standing. (*Id.* ¶¶ 75–94.)

After receiving Right to Sue letters from the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission, Ms. Fisher filed this action in January 2024 alleging that the City discriminated against her in violation of federal and state law. (*See* ECF No. 1; *see also* ECF Nos. 1-1, 1-2.) She alleged that Mr. Fishel, while acting under color of state law, deprived her of her constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment in violation of 42 U.S.C. §§ 1983, 185, and 1986, and Ohio Revised Code Chapter 4112, *et seq*. (*Id.* ¶¶ 153–97.) She also brought defamation and false light state-law claims against him. (*Id.* ¶¶ 198–212.)

Mr. Fishel moved to dismiss on May 6, 2024. (ECF No. 17.) The Court granted his motion on December 11, 2024, and dismissed Ms. Fisher's federal claims as barred by the applicable statute of limitations and the doctrine of qualified immunity. (ECF No. 29.) The Court declined to exercise supplemental jurisdiction over her remaining state-law claims. (*Id.* PageID 213.)

Following Mr. Fishel's motion to dismiss, but prior to the Court's ruling on that motion, the parties initiated settlement negotiations. On June 11, 2024, Mr. Fishel sent a settlement offer to Ms. Fisher. (ECF No. 33-2; *see also* ECF No. 36-1 (same).) He offered $5,000.00 in exchange for "a full release of any and all claims against [him] and his firm, a no admission of liability clause, an agreement not to pursue any administrative claims or actions against [him] or his firm, and a confidentiality provision." (ECF No. 33-2, PageID 231.) After some back and forth between counsel, Mr. Fishel made a "take it or leave it offer" of $15,000 and his counsel explained that

2

"[a]ll prior conditions I provided in my prior e-mails are still part of this offer." (ECF No. 36-2.) On September 4, 2024, counsel for Ms. Fisher responded that Ms. Fisher "decided to accept the offer." (ECF No. 33-3, PageID 238.)

Counsel for Mr. Fishel drafted an agreement and sent it to Ms. Fisher for her signature on September 24. (ECF No. 36-3, PageID 265.) But Ms. Fisher's counsel raised concerns about certain terms of the agreement and requested the inclusion of a mutual release. (ECF No. 33-3, PageID 234–36; ECF No. 36-6.) On November 12, 2024, counsel for Mr. Fishel responded that a mutual release was a "deal breaker" and said, "I would prefer that we try to resolve this matter without the need for me to file a motion to enforce the settlement." (ECF No. 36-7.) At no point did the parties file notice on the Court's docket that they had reached a settlement.

About a month later, this Court issued its Opinion on the motion to dismiss. (ECF No. 29.) That same day, counsel for Mr. Fishel emailed Ms. Fisher's attorney and stated that "[s]ince there has been no meeting of the minds on this material term of the settlement, my client is hereby withdrawing the offer of settlement." (ECF No. 33-3, PageID 232; ECF No. 36-1, PageID 272.) Ms. Fisher now moves to enforce the purported settlement agreement. (ECF No. 33.)

## LEGAL STANDARD

Before a district court can enforce a settlement agreement, the district court must determine whether an agreement has been reached on all material terms. *RE/MAX Int'l., Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (citation omitted).

"Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed." *RE/MAX,* 271 F.3d at 646 (citing *Kukla,* 483 F.2d at 622). That said, no evidentiary hearing is required, and summary enforcement may be appropriate, "where no substantial dispute exists regarding the entry into and terms of an agreement." *Id.* at 646 (citing *Kukla,* 483 F.2d at 621). In other words, a district court may summarily enforce a settlement agreement without an evidentiary hearing where the existence of a settlement agreement is "determinable solely as a matter of law." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

That said, even if a valid settlement agreement exists, the Court cannot enforce it unless it has jurisdiction to do so. District courts generally have the inherent power to enforce agreements entered into to settle litigation before them. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (citation omitted). But that jurisdiction "is more than just a continuation or renewal of the dismissed suit and hence requires its own basis for jurisdiction." *RE/MAX,* 271 F.3d at 641 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). The Court must consider its subject matter jurisdiction in every case and may raise the issue sua sponte. *E.g.*, *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

## ANALYSIS

Even assuming a valid settlement agreement exists between Ms. Fisher and Mr. Fishel, the Court lacks subject matter jurisdiction to enforce it. Accordingly, the Motion cannot succeed.

The party seeking to invoke the subject matter jurisdiction of this Court—here, Ms. Fisher—bears the burden of showing that the matter is properly before it. *Hehl v. City of Avon Lake*, 90 F. App'x 797, 801 (6th Cir. 2004) (reversing district court order enforcing a settlement agreement because the district court lacked subject matter jurisdiction).

4

Ms. Fisher contends that the Court has ancillary jurisdiction to enforce the purported settlement agreement. (ECF No. 33, PageID 223–24.) Although Mr. Fishel does not challenge the Court's authority to enforce the agreement, (*see* ECF No. 36), a party cannot waive or consent to the Court's subject matter jurisdiction. *Hehl*, 90 F. App'x at 802 ("It is clear that subject matter jurisdiction cannot be conferred on federal courts by consent of the parties.") (quotation omitted).

True, a district court generally has authority to enforce a settlement agreement. *Therma-Scan, Inc.*, 217 F.3d at 419. But that inherent power extends only to enforcing the settlement of litigation pending before it. *See Wyche v. Procter & Gamble*, 772 F. Supp. 982, 984 (S.D. Ohio 1990) ("[A] district court has the inherent power to enforce agreements entered into in settlement of litigation pending before them.").

If the litigation is no longer pending before the district court, it must have an independent basis to enforce the settlement agreement beyond the continuation or renewal of a dismissed suit. *RE/MAX*, 271 F.3d at 641 (citing *Kokkonen*, 511 U.S. at 378). "[A] district court retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order." *See Hehl*, 90 F. App'x at 801. Otherwise, enforcement of a settlement agreement is a breach of contract claim and belongs in state court. *Kokkonen*, 511 U.S. at 382.

This Court's Opinion dismissing Ms. Fisher's federal law claims against Mr. Fishel explained that the statute of limitations and doctrine of qualified immunity barred her federal claims. (ECF No. 29.) The Court then declined to exercise supplemental jurisdiction over the remaining state-law claims and dismissed those claims without prejudice. (*Id.*) The Opinion did not mention a settlement agreement, or incorporate any such terms, most likely because the Court was unaware that the parties were engaged in settlement negotiations. (*See id.*) Thus, the

5

disposition of that Opinion is "in no way flouted or imperiled by the alleged breach of the settlement agreement." *Kokkonen*, 511 U.S. at 381 (1994). "The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Id.*

Since the litigation between Ms. Fisher and Mr. Fishel is no longer pending before this Court, and the dismissal order contained no language incorporating the purported settlement agreement, the Court lacks ancillary jurisdiction to enforce any settlement between them. Ms. Fisher does not show another independent avenue for this Court to exercise jurisdiction—either under federal question or diversity jurisdiction. Therefore, her proper remedy is a separate cause of action for breach of contract, to be litigated in state court. The Court has no jurisdiction to decide the Motion to Enforce the Settlement Agreement, and the Motion must fail.

## CONCLUSION

For the above reasons, Plaintiff Sally Fisher's Motion to Enforce Settlement Agreement (ECF No. 33) is **DENIED**. This case remains open, but the claims against Defendant Marc Fishel remain terminated on the Court's docket.

**IT IS SO ORDERED.**

**9/18/2025**　　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**